# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1396 | DATE | 8/1/2003 |
| CASE TITLE | ONETA S. SAMPSON, ET AL vs. WESTERN SIERRA, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (18-1) to dismiss (treated as a motion for judgment of the pleadings) is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 5 2003 | 29 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |



ONETA S. SAMPSON
and LISA D. STROUD,

Plaintiffs,

v.

WESTERN SIERRA ACCEPTANCE CORP.;
RIDGE CHRYSLER/PLYMOUTH, LLC,
doing business as
MARQUETTE CHRYSLER JEEP;
CITY CHEVROLET, INC.,
doing business as
CITY CHEVROLET-CHRYSLER-JEEP,

Defendants.

No. 03 C 1396
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiffs Oneta Sampson ("Sampson") and Lisa Stroud ("Stroud") (collectively "Plaintiffs") bring this action against Western Sierra Acceptance Corp. ("Western Sierra"), Ridge Chrysler/Plymouth, LLC ("Ridge Chrysler"), and City Chevrolet, Inc. ("City Chevrolet") (collectively "Defendants") for allegedly accessing plaintiffs' credit reports in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and for failing to make certain disclosures "clear and conspicuous" as required by 15 U.S.C. § 1681m(d). Ridge Chrysler has moved to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failing to state a claim upon which relief may be granted. Western Sierra joins the motion to dismiss.

Background

The facts alleged in the complaint are as follows. Ridge Chrysler mailed Sampson and City Chevrolet mailed Stroud certificates pursuant to Western Sierra's Mailer Program.[1] The

---

[1] The certificate was attached to the complaint and is considered part of the pleadings. Fed.R.Civ.P. 10(c); *Thompson v. Illinois Dep't of Prof'l Regulations*, 300 F.3d 750, 753 (7th Cir. 2002). The front side of the certificate contains the following text:

> Please Be Careful Not To Discard Or Lose This Notice…
> PRE-APPROVED NOTICE
> Actual Documents
>
> To the matter of: Oneta S Sampson

1

certificates state that the plaintiffs are pre-approved for an auto loan based on their credit information. The loan may only be used for the purchase of a new or pre-owned vehicle at Ridge Chrysler (Sampson's certificate) and City Chevrolet (Stroud's certificate). Plaintiffs allege that they did not authorize anyone to access their credit reports and that the certificates sent by defendants do not constitute a permissible purpose for defendants to access plaintiffs' credit reports, thus defendants violated the FCRA, 15 U.S.C. §§ 1681b, 1681n. Plaintiffs further allege that the required disclosures under 15 U.S.C. § 1682m(d), located on the back of the certificate in virtually illegible small type, are not "clear and conspicuous" as required by the FCRA.

---

> You have been pre-approved for an auto loan. Information contained in your credit bureau report, obtained from a consumer reporting agency was used in connection with selecting you for this offer.
>
> The amount of loan may vary. For security reasons, the approved amount is not listed. Just call 800-467-7753, with your personal approval code listed below, to find out what your approval amount is.
>
> This offer has been extended to you because you have satisfied criteria for credit worthiness used to select consumers for this pre-approved offer.
>
> Your pre-approval is valid at Marquette Chrysler Jeep (see below) who has agreed to mark down all their new and used car inventory to keep within the guidelines of your pre-approval.
>
> ZERO CASH DOWN PAYMENT: Many times your trade-in is sufficient for a down payment.
>
> This is a unique offer and we want you to take advantage of your pre-approved auto loan but you must come in on or before the dates listed as this offer will expire. Come early for the best selection on over 250 new and pre-owned vehicles.
>
> TO DETERMINE YOUR PRE-APPROVAL AMOUNT:
> Step 1. From a touch tone phone call the Autoproval fully automated #: 1-(800)-647-7753
> Step 2. Enter your personal Approval Code # (listed on the certificate below)
> Step 3. Your identity will be verified and your pre-approval amount will be given. Write down your pre-approval amount in the space provided below.
> Step 4. Present this letter upon entering the dealership listed below. (Note: Be prepared to accept immediate delivery of your new or used vehicle.)
>
> Your Authorized Dealer is:
> Marquette Chrysler Jeep
> 6515 S. Western Avenue * Chicago, IL 60636 * (773) 471-4400

Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Associates, Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should only be dismissed when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts." *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

FCRA and "Firm Offer of Credit"

The FCRA requires consumer reporting agencies to adopt reasonable procedures to avoid violations of the FCRA. 15 U.S.C. § 1681(b). The FCRA "applies to the actions of consumer reporting agencies and entities requesting credit information." *Swift v. First USA Bank*, 1999 WL 965449, at *2 (N.D. Ill. Sept. 30, 1999). Individuals negligently failing to follow the FCRA are potentially liable for actual damages and individuals willfully or knowingly failing to comply may be liable for punitive damages. *Id*; 15 U.S.C. § 1681n. The FCRA prohibits another party from obtaining a consumer's credit report unless the purpose is authorized by the statute. 15 U.S.C. § 1681b(f). One permissible purpose that does not require the consumer's consent or knowledge is if "the transaction consists of a firm offer of credit or insurance." 15 U.S.C. § 1681b(c)(1)(B)(i). A "firm offer of credit" is defined as "any offer of credit . . . to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer . . . ." 15 U.S.C. 1681a(l). The offer may be further conditioned on the consumer meeting additional requirements specified by the FCRA. *Id.*

Plaintiffs allege that the certificate is not a firm offer of credit because the offer is so vague and lacking in terms that the offer is not capable of acceptance. The certificate fails to

3

specify the amount of credit or any other terms of the credit, such as the interest rate. Ridge Chrysler argues that the language on the certificate is a firm offer of credit and there is nothing to indicate that the offer will not be honored.

Plaintiffs cite numerous cases defining "offer" in terms of Illinois contract law. Plaintiffs claim that an offer of credit under Illinois law must specify (1) the amount of credit, (2) the rate or amount of interest and (3) the size of the monthly payments or length of time within which it must be repaid. *Commonwealth Eastern Mortgage Co. v. Williams*, 516 N.E.2d 515, 519-20 (Ill. App. Ct. 1987). However, a firm offer of credit under the FCRA is "defined in terms of a creditor's intention to honor an offer of credit in accordance with the creditor's own undisclosed, predetermined criteria." *Tucker v. Olympia Dodge of Countryside, Inc.*, 2003 WL 21230604, at *3 (N.D. Ill. May 28, 2003). Furthermore, the FCRA requires uniform application, thus "state-law definitions are not taken into account in construing the terms of a federal statute." *Cole v. U.S. Capitol, Inc.*, 2003 WL 21003696, at *4 (N.D. Ill. May 1, 2003) ("Congress intended the FCRA to have uniform nationwide application . . . . State-law definitions of what constitutes an 'offer of credit' under § 1681b would undermine uniformity of the application of the FCRA . . . . Therefore, definitions of what constitutes an 'offer of credit' under Illinois law are irrelevant to the determination of whether the flyer constituted an 'offer of credit' under § 1681.") (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 43 (1989) (Stating that there is a presumption that federal statutes are not dependant on state law and that federal statutes are generally intended to have uniform application)).

Two other courts in this district that have recently ruled in similar cases (after Ridge Chrysler's reply to its motion was filed) on the issue of what a "firm offer of credit" is under the FCRA. Both cases, however, dealt with offers which guaranteed at least a minimum amount of credit. *Tucker*, 2003 WL 21230604, at *3 (holding that the mailing offering a minimum $1,000 credit toward an automobile purchase was a firm offer of credit); *Cole*, 2003 WL 21003696, at *5 (holding that the guaranteed $300 or more credit line to purchase a vehicle demonstrated that the offer would be honored as required by the FCRA). Defendants' certificate contains no minimum amount of credit and only states the holder is "pre-approved for an auto loan" and must

4

call to find out the amount. Theoretically, this pre-approval could be for any amount, perhaps even as low as $1. Nonetheless, the FCRA "does not require a 'firm offer' to be in any particular amount," *see Tucker*, 2003 WL 21230604, at *3, and the statute merely states that a firm offer of credit is "any offer . . . that will be honored . . . ." 15 U.S.C. § 1681a(l). Plaintiffs do not allege that defendants failed to honor the offer of credit, thus plaintiffs failed to state a claim.

FCRA and "Clear and Conspicuous" Disclosures

The FCRA also requires that "[a]ny person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer . . . shall provide with each written solicitation made to the consumer regarding the transaction a clear and conspicuous statement . . ." that gives the consumer required information. 15 U.S.C. § 1681m(d). Plaintiffs allege that the disclosure statement, which is located on the back side of the certificate in small print, was not "clear and conspicuous" as required by the FCRA.

The allegations that the "disclosures were not clear and conspicuous as required by § 1681m(d) state a claim under FCRA." *Tucker*, 2003 WL 21230604, at *4; *Cf. Lifanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803, 805 (7th Cir. 2001) ("[A]llegations that disclosures are not 'clear and conspicuous' state a claim upon which relief may be granted" under the Truth in Lending Act ("TILA")); *Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 514 (7th Cir. 1999) ("An allegation that a particular disclosure is 'more conspicuous' than the finance charge or annual percentage rate states a claim on which relief may be granted" under the TILA.). Therefore, the issue cannot be decided on a Rule 12(b)(6) motion.

However, "whether a particular disclosure is 'conspicuous' within the meaning of a commercial statute is typically a question to be decided by the court." *Tucker*, 2003 WL 21230604, at *4; *See Check-N-Go*, 200 F.3d at 514 ("'[C]onspicuousness' for purposes of [the TILA] is a matter of law . . . ."). Thus, "the attachment[] authorize[s] the district court to grant judgment on the pleadings under Rule 12(c), or to convert the motion to dismiss into a motion for summary judgment and to grant that relief." *See Check-N-Go*, 200 F.3d at 514. This court now converts the motion to dismiss the complaint into a motion for judgment on the pleadings for only the issue of whether the disclosures are "clear and conspicuous."

5

This court, and apparently also the plaintiffs, could find no case specifically deciding the issue of what "clear and conspicuous" specifically means in 15 U.S.C. § 1681m(d) of the FCRA. The plaintiffs cite numerous cases from other circuits and district courts regarding "clear and conspicuous" in the Fair Debt Collection Practices Act ("FDCPA"), TILA, and a different section of the FCRA. Ridge Chrysler argues that the disclosures meet the requirements, that they are not hidden and are legible, and that the cases the plaintiffs cite are not determinative of the particular issue of this case. While this court agrees that the other cases are not determinative, the construction of other consumer protection statutes may provide a guide for the court as "clear and conspicuous" is a phrase common to "other federal and state commercial regulatory statutes, and there has been substantial litigation interpreting those words." *See Stevenson v. TRW Inc.*, 987 F.2d 288, 295 (5th Cir. 1993) (relying on TILA cases and UCC definition and cases, court upheld district court's finding, that defendant violated clear and conspicuous notice requirement of 15 U.S.C. § 1681i(d)).

Plaintiffs do not argue that the language of the disclosures is incomplete, confusing, or unclear. Because the plaintiffs only allege deficiencies with the fine print and location of the disclosures, the court will only decide if the disclosures are "conspicuous." The disclosures are the only text on the back side of the three-fold certificate with no reference to them on the front side. They appear in approximately 6-point font, occupy approximately 50 percent of the space on the fold, and are "titled" only by the word "Notice" which begins the paragraph of disclosures in the same font size and type as the other text in the paragraph. The FCRA does not require a minimum type size, however, the Seventh Circuit noted, when referring to conspicuousness of disclosures required by the TILA, that "it simply does not follow that type size is irrelevant to a determination of whether a disclosure is 'conspicuous.' If the term 'conspicuous' is to retain any meaning at all, it cannot be met as a matter of law by type disproportionately small to that in the rest of the document, and which is itself barely legible." *Lifanda*, 237 F.3d at 808. The disclosures here are in 6-point font while the fonts on the front of the document range from approximately 10.5- to 28-point font, with the majority of the text in approximately 12-point font. Disclosures disproportionately small and barely legible are not conspicuous. *Lifanda*, 237

F.3d at 808. Moreover, the disclosures are located on the back side of the document with no reference to them on the front side, allowing the disclosures to be easily overlooked, thus not conspicuous. *Cf. Stevenson*, 987 F.2d at 296 ("A disclaimer [in UCC warranty disclaimers] is not conspicuous, however, when it is printed in small print on the back of the document, when it is the same size and typeface as the terms around it, or when it is not in boldface or capital lettering.") (citations omitted); *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991) ("[A] validation notice printed on the back of a form letter where the front of the letter contains no reference at all to the notice does not comply with § 1692g [FDCPA].") (citations omitted); *Ost v. Collection Bureau, Inc.*, 493 F.Supp. 701, 702-03 (D.N.D. 1980) ("If the debt collector wishes to place the validation of debt language on the back of its 'initial communication,' then some clear reference to that language must appear on the face of that document."). Therefore, as a matter of law, the defendants' disclosures are not "conspicuous" and judgment on the pleadings for Ridge Chrysler is denied.

For the reasons stated above, Ridge Chrysler's motion to dismiss the complaint is GRANTED with respect to the allegation that there was not a permissible purpose. Ridge Chrysler's motion to dismiss the complaint with respect to the allegation that the required disclosures are not "clear and conspicuous" is converted to a motion for judgment on the pleadings and is DENIED.[2]

ENTER:

_____
James B. Zagel
United States District Judge

DATE: _____

---

[2] Because Western Sierra joined Ridge Chrysler's the motion to dismiss, this ruling also applies to Western Sierra.

7