Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1396 | **DATE** | 6/25/2004 |
| **CASE TITLE** | Oneta S. Sampson, et al. Vs. Western Sierra Acceptance Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court's stands by it's April 4, 2004 decision, granting class certification. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 70 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK 2004 JUN 29 PM 7:47 | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ONETA S. SAMPSON and LISA D. STROUD,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN SIERRA ACCEPTANCE CORP., RIDGE CHRYSLER/PLYMOUTH, LLC doing business as MARQUETTE CHRYSLER JEEP, CITY CHEVROLET, INC. doing business as CITY CHEVROLET-CHRYSLER-JEEP,<br><br>Defendants. | No. 03 C 1396<br>Judge James B. Zagel<br><br>DOCKETED<br>JUL 0 1 2004 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs' Motion for Class Certification has had a somewhat interesting history. In my order of February 26, 2004, I denied Plaintiffs' motion because I found that the class action was not the superior method of adjudication against the then existing Defendants, Ridge Chrysler/Plymouth ("Ridge Chrysler") and Western Sierra Acceptance Corp. ("Western Sierra"). After reviewing my order, Plaintiff Oneta Sampson settled her claim with Western Sierra and asked that I reconsider my February 26th order. Sampson argued, and I agreed, that my reasons for denying class certification were more applicable to Western Sierra than to the remaining Defendant, Ridge Chrysler. So, on April 4, 2004, I reversed my previous order and granted class certification.

Ridge Chrysler now asks that I reconsider my April 4th order, taking into account the negative impact Sampson's settlement has had on her ability to be the lead Plaintiff in this class

action[1]. First, Ridge Chrysler claims that Sampson mooted her claim against Ridge Chrysler when she settled with Western Sierra. Ridge Chrysler argues that the settlement satisfied the entirety of the damages provided for under the Fair Credit Reporting Act, 15 U.S.C. §1681n, and, therefore, terminated Sampson's personal stake in the litigation. *United States Parole Commission v. Geraghty,* 445 U.S. 388 (1980). However, after reviewing the settlement agreement *in camera,* I find that the settlement may not satisfy the entirety of a potential damages award. I say may not because the settlement amount was less than the maximum recovery allowed by the statute. For now, it is impossible to predict exactly what amount of statutory damages (between the $100-$1,000 plus attorney's fees) a reasonable trier of fact would award against Ridge Chrysler. Since further damages may be awarded to Sampson, I find that this case has not been mooted by her settlement with Western Sierra.

Second, Ridge Chrysler argues that Sampson cannot adequately represent a class of persons who still have potential claims against Western Sierra. However, I do not think those claims should impact this case. Sampson has an active claim against Ridge Chrysler and will adequately represent a class as to that Defendant. Sampson's settlement agreement with Western Sierra does not prevent potential class members from pursuing their claims against Western Sierra individually. Thus, given the arguments that are before me now, I find that Sampson may adequately represent the potential class in an action against Ridge Chrysler.

---

[1] Ridge Chrysler also filed a petition for appeal of my April 4th decision with the Seventh Circuit. On June 1, 2004, the Seventh Circuit denied Ridge Chrysler's petition. This denial has mooted any jurisdictional issues that were created by having both a motion for reconsideration in this court and an appeal before the Seventh Circuit active at the same time.

I do, however, recognize that some difficulties concerning Sampson's adequacy as class representative may arise down the road. Since Ridge Chrysler is no longer a going concern and has no assets aside from a $500,000 litigation insurance fund, its ability to satisfy a potential judgment is limited. If the class turns out to be as large as Plaintiffs have predicted, approximately 65,000, then each class member will be entitled to only a mere fraction of what Sampson has already received by way of her settlement. This relatively small amount of recovery may ultimately call into question Sampson's interest in pursuing this case.

For the reasons stated herein, I stand by my April 4th, 2004 decision, granting class certification.

ENTER:

James B. Zagel
United States District Judge

DATE: 25 June 2004

3